NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-79

NATIONAL AUTOMOTIVE INSURANCE COMPANY

VERSUS

HOWARD NUGENT, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 223,810
HONORABLE GEORGE C. METOYER JR., DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

REVERSED AND REMANDED.

R. Vaughn Cimini
Stephen J. Laborde
Gary T. Breedlove
Attorneys at Law
110 Veterans Memorial Boulevard
Suite 222
Metairie, LA 70005-4933
(504) 828-6870
Counsel for Plaintiff/Appellant:
    National Automotive Insurance Company

**Ian A. MacDonald**
**Perret Doise**
**P. O. Drawer 3408**
**Lafayette, LA 70502-3408**
**(337) 262-9000**
**Counsel for Defendants/Appellees:**
    **Howard Nugent**
    **Progressive Security Insurance Company**

**DECUIR, Judge.**

On appeal before us is a subrogation case between two insurers in which a motion for summary judgment was both granted and denied by the trial court. Only the judgment granting the motion has been appealed. Because of the irreconcilable actions of the trial court, we reverse the summary judgment granted in favor of Progressive Security Insurance Company and remand for further proceedings.

The plaintiff, National Automotive Insurance Company, filed suit individually and as the subrogee of its insured, Karen Little. Named as defendants were Progressive and its insured, Howard Nugent. The petition alleges that on March 25, 2005, Little gave permission to Nugent[1] to use her Ford F-150 pick-up truck while his vehicle was being repaired. While driving Little's vehicle, Nugent struck the rear of a Toyota Corolla driven by Erin Murphy.[2] Murphy's property damages, totaling $5,558.69, were paid by National, and National sought recovery in subrogation from Progressive and Nugent, the alleged tortfeasor.

Progressive and Nugent moved for summary judgment. The motion asserts that Nugent, as a permitted user of an insured vehicle, is a co-insured under the National policy and therefore cannot be sued by National. The plaintiff responded with the argument that the National policy provides only secondary coverage to Nugent, who was driving a temporary substitute vehicle insured primarily by Progressive. Conceding it has no cause of action against Nugent, National argues that it has a viable claim in subrogation against Progressive, the primary insurer.

The trial court's minutes reflect the following actions regarding the defendants' motion for summary judgment: On August 28, 2006, counsel for the defense appeared for a hearing, and plaintiff's counsel did not. The plaintiff's motion for continuance was granted and the hearing was rescheduled for September 11, 2006.

---

[1]Howard Nugent was apparently a co-employee of Karen Little.

[2]Progressive alleges in pleadings and briefs that Little owned the Toyota, but other documents in the record indicate that Little owned the F-150 and Murphy owned the Toyota.

On that date, plaintiff's counsel appeared and defense counsel did not. The motion for summary judgment was denied from the bench, as reflected in the trial transcript as well as the court minutes. The minutes then state for September 18, 2006, that the "Judgment on Motion for Summary Judgment [was] submitted, signed and filed." Finally, on October 2, 2006, the minute entry reads:

> This matter was passed due to no appearance by either party. The Minutes of September 11, 2006 are Amended Nunc Pro Tunc to read as follows: 223,810 - National Automotive Ins. Co., et al. vs. Howard Nugent, et al, Judgment of dismissal submitted, signed and filed dismissing Plaintiffs claim against Defendants with prejudice at Plaintiff cost.

In contrast to the minute entries, the court record contains an order granting the plaintiff's request for a continuance on September 11, 2006 and resetting the hearing on the defendant's summary judgment motion for October 2, 2006. Nevertheless, the record also contains two judgments. On September 11, 2006, a judgment was signed in favor of the defendants; it was filed in the record on September 13, 2006 and again on October 3, 2006. Another judgment, this time in favor of the plaintiff, was signed on an unknown date and was filed on September 14, 2006 and again on September 19, 2006. In November, the plaintiff appealed the September 11 judgment in favor of the defendants. In this appeal, the plaintiff concedes that it has no viable cause of action against Nugent and agrees that he was properly dismissed as a defendant.

The conflicting judgments and minute entries in the record before us compel us to reverse the summary judgment granted in favor of Progressive. As the judgment in favor of National was not appealed, it remains in effect and the matter is remanded for further proceedings.

Costs of this appeal are assessed to Progressive Security Insurance Company.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

2